UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
  DYNAMIC MEDICAL SERVICES, LLC,    :
  d/b/a Acesso Biologics,                 :
                                         :
                              :  **MEMORANDUM DECISION AND**
               Plaintiff,    :  **ORDER**
                                         :
                                         :  26-cv-1274 (BMC)
        -against-          :
                                         :
                                         :
  SKILLED FACILITY HEALTHCARE   :
  SOLUTIONS, INC.,             :
                                         :
             Defendant.    :
                                         :
------------------------------------------------------------- X

**COGAN**, District Judge.

      This Court issued an Order requiring defendant to show cause why this removed action should not be remanded to state court for failure to properly allege diversity jurisdiction. The problem was the notice of removal merely alleged that plaintiff was a "limited liability company with a principal place of business in Nevada." The Order to Show Cause pointed out that for diversity purposes, the principal place of business and state of formation of an LLC is irrelevant; what matters is the identification of each member of the LLC and a statement of each member's citizenship. The Order to Show Cause cited defendant's attorney to case law confirming that basic principle of federal jurisdiction.

      Defendant has submitted three filings in response to the Order to Show Cause, none of which answer the Court's question. One filing explains the citizenship of the corporate defendant, which was never an issue as it had been properly alleged in the notice of removal.

The second was a stipulation between the parties providing, *inter alia*, that the "parties do not contest the subject matter jurisdiction of this Court based on diversity". That is of no effect because parties cannot stipulate to federal jurisdiction, see Platinum Montaur Life Sciences, LLC v. Navidea Biopharmaceuticals, 943 F.3d 613, 617 (2d Cir. 2019), and the Court has an independent obligation to *sua sponte* determine its own subject matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) ("[C]ourts ... have an independent obligation to determine whether subject-matter jurisdiction exists.").

The third filing purported to address the citizenship of the plaintiff LLC. It consisted of an affidavit from defendant's attorney which made the following assertions:

- "On information and belief, Accesso Biologics is registered in Las Vegas";

- "On information and belief, Dynamic Medical Services, LLC has a principal place of business in Las Vegas".

- "On information and belief, Michael Aquino, the Chairman, Co-Founder, and CEO of Accesso, and Founder of Medical Services, LLC, is domiciled in Las Vegas."

- "On information and belief, a trust domiciled in California is the 5.5% owner of Dynamic Medical Services, LLC."

- "On information and belief, Alex Spinoso, a General Board Member of Accesso, is domiciled in Las Vegas."

Putting aside the impropriety of making sworn statements "on information and belief" without disclosing the basis for the information and belief, none of these statements address the problem explained to defendant's counsel in the Order to Show Cause. Where an LLC is "registered," or has its "principal place of business," or where its founder, board member, or 5.5% ownership trust are "domiciled," are all irrelevant to the determination of the LLC's citizenship.

For diversity purposes, a limited liability company "takes the citizenship of each of its members." Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 48

2

(2d Cir. 2012). "Thus, if a party to a diversity action is an LLC, the party seeking to invoke the court's diversity jurisdiction must identify both the LLC's members and their citizenship." 136-61 Roosevelt LLC v. Starbucks Corp., No. 21-cv-3560, 2021 WL 2779287, at *1 (E.D.N.Y. July 2, 2021). "If any of an LLC's members are themselves non-corporate entities, then a party must allege the identity and citizenship of their members, proceeding up the chain of ownership until the party has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." Flemming v. Port Auth. of N.Y. & N.J., No. 21-cv-1112, 2021 WL 878558, at *1 (E.D.N.Y. March 9, 2021) (alterations adopted) (quoting U.S. Liab. Ins. Co. v. M Remodeling Corp., 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020)); see also 136-61 Roosevelt, 2021 WL 2779287, at *1; 147-149 McCarren, LLC v. Holding De Gestion Turistica MIJ Spain S.L., No. 21-cv-950, 2021 WL 878557, at *1 (E.D.N.Y. March 9, 2021); Barnes v. Fort Hamilton Fam. Homes, No. 21-cv-1044, 2021 WL 861801, at *1 (E.D.N.Y. Mar. 8, 2021).

There is good reason for this rule. As Chief Justice Marshall explained: "The decisions of this court require, that the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact upon which jurisdiction depends. It is not sufficient that jurisdiction may be inferred, argumentatively, from its averments." Brown v. Keene, 33 U.S. 112, 114 (1834). "Indeed, because jurisdiction is the building block upon which the entire case must rest, it is particularly important that [defendants] have a sound factual basis for invoking it." Flemming, 2021 WL 878558, at *2 (citation omitted). That means "jurisdictional allegations, like all allegations in pleadings, have to be based on facts, not conclusions." Lettman v. Bayview Loan Servicing, LLC, No. 19-cv-3204, 2019 WL 2504015, at *1 (E.D.N.Y. June 17, 2019). The party invoking federal jurisdiction "bears the burden of demonstrating that grounds for diversity exist

3

and that diversity is complete." <u>Herrick Co. v. SCS Commc'ns, Inc.</u>, 251 F.3d 315, 322-23 (2d Cir. 2001) (internal quotation marks and citation omitted).

Defendant has had two opportunities to allege plaintiff's citizenship, and still can't get it right. And, indeed, its response to the Order to Show Cause raises an inference that it doesn't want to get it right because diversity isn't present. But whether defendant's counsel is deliberately trying to fudge the question because there are in fact non-diverse members of plaintiff, or whether he still doesn't understand how to describe the citizenship of an LLC, is unclear. What is clear is that the notice of removal fails to properly allege diversity jurisdiction. Defendant should have known how to invoke this Court's jurisdiction before it removed the case.

Having been granted an opportunity to respond to the Order to Show Cause and still having failed to meet its burden to demonstrate diversity, the case is remanded to the Supreme Court, Suffolk County, Index No. 602290/2026.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      March 19, 2026